## UNITED STATES DISTRICT COURT
### District of Maine

| | | |
|---|---|---|
| DENNIS PICARD, | ) | Docket No. 1:15-cv-00294-GZS |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF KENNEBEC, KENNEBEC | ) | |
| COUNTY SHERIFF'S OFFICE, RYAN P. | ) | |
| REARDON, and ALFRED G. MORIN, | ) | |
| Defendants | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

NOW COME the Defendants, through counsel, and hereby respond to the allegations contained in Plaintiff's Second Amended Complaint as follows:

### AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state a cause of action on which relief may be granted.

2. To the extent that Plaintiff's Complaint contains tort claims, said claims are barred by the notice provisions of the Maine Tort Claims Act.

3. To the extent that Plaintiff's Complaint contains state tort claims, those claims are barred by the general grant of immunity in favor of Kennebec County, the Kennebec County Sheriff's Office, and any individual defendants sued in their official capacities.

4. To the extent that Plaintiff's Complaint contains state tort claims, any individual defendants are entitled to discretionary function immunity.

5. To the extent that Plaintiff's Complaint contains state tort claims, any individual defendants are entitled to intentional act immunity.

6. Plaintiff's M.R.Civ.P. 80B appeal is barred because it is untimely.

7. Any individual defendants are entitled to qualified immunity for any claims brought pursuant to 42 U.S.C. § 1983 and/or the Maine Civil Rights Act.

8. Plaintiff's claims are barred by absolute and/or conditional privileges and immunities not identified elsewhere.

<u>ANSWER</u>

<u>Introduction</u>

No response is required to the paragraph entitled "Introduction." To the extent a response is required, Defendants deny each and every allegation contained in this paragraph of Plaintiff's Second Amended Complaint.

<u>Parties and Jurisdiction</u>

1. Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

2. Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

3. Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

4. Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

5. Defendants admit the allegations contained in this paragraph of Plaintiff's Second

Amended Complaint.

## Jury Trial Demand

6.  No response is required to Paragraph 6 of Plaintiff's Second Amended Complaint.

## Jurisdiction and Venue

7.  No response is required to the first sentence of Paragraph 7 of Plaintiff's Second Amended Complaint.  The Defendants admit the remainder of Paragraph 7.

8.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

## Factual Allegations

9.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint with the exception that Plaintiff resigned from his employment.

10.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

11.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint with the exception that Plaintiff resigned from his employment.

12.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

13.  The allegations contained in this paragraph of Plaintiff's Second Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the Defendants expressly and specifically aver that Plaintiff was accorded all rights to which he was

entitled.

14.   Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

15.   Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

16.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

17.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

18.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

19.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

20.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

21.   Defendants are without sufficient knowledge or information so as to form a belief as to

the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

22.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

23.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

24.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

25.   Defendants assert that the document referenced in Paragraph 25 of Plaintiff's Second Amended Complaint speaks for itself.

26.   Defendants assert that the document referenced in Paragraph 26 of Plaintiff's Second Amended Complaint speaks for itself.

27.   Defendants assert that the document referenced in Paragraph 27 of Plaintiff's Second Amended Complaint speaks for itself.

28.   Defendants admit that Plaintiff was placed on administrative leave for reasons identified in documents which speak for themselves.

29.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

30.  Defendants admit that Chief Deputy Reardon desired for the Plaintiff to accompany patrol deputies from time to time, but did not direct the schedule on which this was to occur.

31.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

32.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

33.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

34.  Defendants admit that Chief Deputy Reardon e-mailed Plaintiff on or about October 27, 2014, and further and specifically aver that the e-mail document speaks for itself.

35.  Defendants admit that Sgt. Morin participated in the internal affairs investigation.

36.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

37.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

38.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

39.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

40.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

41.  Defendants deny that Sgt. Morin had an obvious bias against Plaintiff, but admit that he was tasked with participating in the investigation.

42.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

43.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

44.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

45.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

46.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

47.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

48.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

49.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

50.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

51.  Defendants admit that Chief Deputy Reardon communicated in writing to Sheriff Liberty on or about November 19, 2014, and further and specifically aver that the written communication speaks for itself.

52.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

53.  Defendants admit that Sheriff Liberty issued a written communication on or about November 19, 2014, terminating Plaintiff's employment. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

54.  The document referenced in the preceding paragraph speaks for itself.

55.  The document referenced in the preceding paragraph speaks for itself.  Defendants deny that the infractions, alone and together, do not form the proper basis for termination.

56.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

57.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second

8

Amended Complaint.

58.  The allegations contained in this paragraph of Plaintiff's Second Amended Complaint state a legal conclusion to which no response is required.

59.  The allegations contained in this paragraph of Plaintiff's Second Amended Complaint state a legal conclusion to which no response is required.

60.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

61.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

62.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

63.  Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

64.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

65.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

66.  Defendants deny that they breached, materially or otherwise, any aspect of the agreement.  Defendants admit that Plaintiff requested that his resignation be rescinded and that a hearing be held.

67.  Defendants admit that in May, 2015, Plaintiff was offered and accepted another job.

Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Second Amended Complaint and therefore deny same.

68.   Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

69.   Defendants admit the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

70.   Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

71.   Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

72.   Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

<u>Count I - M.R.Civ.P. 80B (Review of Governmental Action)</u>

73.   Defendants repeat and reassert their responses to Paragraphs 1 through and including 72 of Plaintiff's Second Amended Complaint as if fully set forth herein.

74.   The allegations contained in this paragraph of Plaintiff's Second Amended Complaint do not require a response.  To the extent that a response is required, the Defendants assert that Plaintiff is not entitled to any of the matters requested therein.

75.   Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants pray for denial of Plaintiff's appeal pursuant to M.R.Civ.P. 80B

and a denial of the relief which he has requested.

Count II - Violation of Constitutional Due Process Rights (Property Interest) - 42 U.S.C. § 1983

76.  Defendants repeat and reassert their responses to Paragraphs 1 through and including 75 of Plaintiff's Second Amended Complaint as if fully set forth herein.

77.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants pray for judgment in their favor against Plaintiff on Count II of Plaintiff's Second Amended Complaint, plus costs and attorneys fees.

COUNT III - Violation of Constitutional Due Process Rights (Liberty Interest) - 42 U.S.C. § 1983

78.  Defendants repeat and reassert their responses to Paragraphs 1 through and including 77 of Plaintiff's Second Amended Complaint as if fully set forth herein.

79.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants pray for judgment in their favor against Plaintiff on Count III of Plaintiff's Second Amended Complaint, plus costs and attorneys fees.

Count IV - Violation of Constitutional First Amendment Rights - 42 U.S.C. § 1983

80.  Defendants repeat and reassert their responses to Paragraphs 1 through and including 79 of Plaintiff's Second Amended Complaint as if fully set forth herein.

81.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants pray for judgment in their favor against Plaintiff on Count IV of Plaintiff's Second Amended Complaint, plus costs and attorneys fees.

<u>Count V - Equitable Estoppel</u>

82. Defendants repeat and reassert their responses to Paragraphs 1 through and including 81 of Plaintiff's Second Amended Complaint as if fully set forth herein.

83.  The County negotiated a settlement agreement with the Plaintiff which speaks for itself. The remaining Defendants were not parties to said agreement.  Defendants are without sufficient knowledge or information so as to form a belief as to the motivation behind Plaintiff's actions as set forth in Paragraph 83 of Plaintiff's Second Amended Complaint and therefore deny same.

84. Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

85.  Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants pray for judgment in their favor against Plaintiff on Count V of Plaintiff's Second Amended Complaint, plus costs and attorneys fees.

<u>Count VI - Promissory Estoppel</u>

86.  Defendants repeat and reassert their responses to Paragraphs 1 through and including 85 of Plaintiff's Second Amended Complaint as if fully set forth herein.

87.  The County negotiated a settlement agreement with the Plaintiff which speaks for itself. The remaining Defendants were not parties to said agreement.  Defendants are without sufficient knowledge or information so as to form a belief as to the motivation behind Plaintiff's actions as set forth in Paragraph 87 of Plaintiff's Second Amended Complaint and therefore deny same.

88.   Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

89.   Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants pray for judgment in their favor against Plaintiff on Count VI of Plaintiff's Second Amended Complaint, plus costs and attorneys fees.

COUNT VII - Title VII and MHRA Retaliation for Opposing Workplace Sexual Harassment

90.   Defendants repeat and reassert their responses to Paragraphs 1 through and including 89 of Plaintiff's Second Amended Complaint as if fully set forth herein.

91.   Defendants deny the allegations contained in this paragraph of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants pray for judgment in their favor against Plaintiff on Count VII of Plaintiff's Second Amended Complaint, plus costs and attorneys fees.


Dated: September 3, 2015                                   /s/ Peter T. Marchesi
                                                          Peter T. Marchesi, Esq.


                                                           /s/ Cassandra S. Shaffer
                                                          Cassandra S. Shaffer, Esq.

                                                          Wheeler & Arey, P.A.
                                                          Attorneys for Defendants
                                                          27 Temple Street, P.O. Box 376
                                                          Waterville, ME 04903-0376


13

## UNITED STATES DISTRICT COURT
### District of Maine

| | | |
|---|---|---|
| DENNIS PICARD, | ) | Docket No. 1:15-cv-00294-GZS |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF KENNEBEC, KENNEBEC | ) | |
| COUNTY SHERIFF'S OFFICE, RYAN P. | ) | |
| REARDON, and ALFRED G. MORIN, | ) | |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

I, Peter T. Marchesi, Esq., attorney for Defendants, hereby certify that:

●     Defendants' Answer to Plaintiff's Second Amended Complaint with Affirmative Defenses

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Maria Fox, Esq.      *mfox@mittelasen.com*

Copies of the above documents have been provided to the Plaintiff via United States Mail, postage prepaid, at the following address:

None

Dated: September 3, 2015        /s/ Peter T. Marchesi
                                           Peter T. Marchesi, Esq.
                                           Attorney for Defendants
                                           Wheeler & Arey, P.A.
                                           27 Temple Street, P.O. Box 376
                                           Waterville, ME  04903-0376